## Thomas J. Collins, by Dennis J. Collins, Appellee, v. Noll Baking and Ice Cream Company, Appellant.

1. MASTER AND SERVANT—*liability of master for injury to boy riding with driver of delivery truck.* A master is not liable for injuries sustained by a boy while he was riding with the driver of an ice cream delivery truck, whether on invitation of the driver or at his own request, even though the injuries resulted from the driver's negligence in driving the truck at excessive speed, where the evidence shows that the driver was employed and the truck used solely for the delivery of the master's products to its customers, and that it was entirely beyond the scope of his employment to permit anyone to ride on the truck.

2. MASTER AND SERVANT—*instruction extending master's liability to acts beyond scope of servant's employment is erroneous.* In an action against the master for personal injuries sustained by a boy while riding on the master's delivery truck with the driver thereof, it is error to instruct the jury that if the boy, while in the exercise of due care and caution, was invited to ride with the driver and the latter drove the truck carelessly and negligently and at a high and dangerous rate of speed and the boy was injured as a result thereof, the master is liable.

Appeal from the City Court of Alton; the Hon. LEVI D. YAGER, Judge, presiding. Heard in this court at the March term, 1922. Reversed with finding of facts. Opinion filed July 11, 1922.

WILBUR C. SCHWARTZ and GILSON BROWN, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an action in case brought by appellee, Thomas J. Collins, a minor, who sues by Dennis J. Collins, his father and next friend, against appellant, the Noll Baking and Ice Cream Company, to recover damages for injuries sustained by appellee on September 1, 1920. Appellee employed one Henry Young to drive its truck and deliver its products in and about the City

of Alton. While riding with this driver on the day in question, appellee either jumped 'or was thrown from the truck and was injured. Appellee testified that he was walking along Washington avenue when this driver stopped on the other side of the street and called to him, asking where he was going, and upon being informed by appellee that he was ''going down town'' the driver said, ''I'm going down town after I deliver this ice cream, wait a minute and I will take you down''; that he thereupon got on the truck and went with the driver to make some trips; as they were going south on Main street the driver speeded up the truck until the speedometer registered a speed of forty miles an hour, and in going over a ridge the truck was going so fast that the gears were stripped; that the driver lost control of the machine, and it hit the curbing, throwing appellee out and hurting him; that while the car was traveling at this speed he wanted to get out, but the driver told him not to, but to stay in the truck, and he did. On the other hand, the driver testified that appellee stopped him and asked where he was going and upon being informed that he had a few trips to make and was then going down town appellee asked to ride down town and he was allowed to do so; that while going down Main street at a speed of about fifteen miles an hour something gave way underneath the car rendering the brake useless, and he lost control of the car which crashed into the curbing; that appellee was hanging onto the side of the truck and he told him to get back into the seat but that he did not do so and the last he saw of appellee he was in the act of jumping. The driver stayed in the truck and was not hurt. The mechanic who repaired the machine testified that the gears were not stripped but that the drive shaft had fallen out; that while the brakes were in good condition they could not be operated after the shaft fell and the driver would not be able to stop the truck. Appellant offered to prove that

the driver was expressly instructed not to allow anyone to ride with him on the truck, but the court refused to admit this testimony. The jury returned a verdict for appellee in the sum of $1,000, and this appeal has been perfected from the judgment entered on that verdict.

It is claimed by appellee, as above indicated, that he was riding by the invitation of the driver, and that, therefore, if the accident occurred because of the negligence of the driver in operating the truck at such a high rate of speed, appellant is liable for his injury. On the other hand, appellant claims that it is immaterial whether appellee was riding by invitation of the driver or at his own request; that the driver in permitting him to ride under either of such circumstances was acting beyond the scope of his employment, and that therefore it is not liable even though appellee's injuries were a result of the driver's negligence.

To sustain his position appellee relies upon the case of *Lake Shore & M. S. R. Co. v. Brown,* 123 Ill. 162, but in our opinion that case is not in point here. It came to the Supreme Court after the judgment of the trial court had been affirmed by the Appellate Court and the court after stating that such judgment of affirmance had settled all questions of fact said: "We must assume, therefore, that plaintiff's intestate was rightfully a passenger on defendant's train in charge of his stock, and had a right to be safely carried to the Union Stock Yards, and was, as between himself and defendant, rightfully, and by invitation and direction of defendant, by its servants in charge of his stock and of defendant's engine, on the foot-board of the engine, as alleged in the declaration." That case does not lay down the doctrine that an agent is acting within the scope of his employment who invites a person to ride with him where the business in which he is employed is not that of carrying passengers. On the other hand, we regard the case of *Scott v. Peabody*

*Coal Co.*, 153 Ill. App. 103, as clearly in point. In that case the Appellate Court of the First District held that an agent employed in driving a wagon and delivering coal for his employer was not acting within the scope of his employment when he invited or permitted a minor to ride upon the wagon, so as to make his employer liable for injuries sustained by such minor through the negligence of the driver. The only substantial difference between the facts in that and the instant case is that there was proof in that case that the driver was expressly instructed not to permit anyone to ride on the wagon, which is the proof the trial court in this case refused to admit. That case expressly holds that allowing the minor to climb on the rear end of the coal wagon while it was in motion was entirely outside of the employment of the driver and outside of the scope of the business of the employer. So, in this case, whether appellee was riding by invitation of the driver or at his own request, the same was entirely outside of the driver's employment and beyond the scope, as shown by the evidence, of appellant's business and appellant therefore cannot be held liable for appellee's injuries even though they were occasioned by the driver's negligence.

The court at the instance of appellee instructed the jury that if appellee while in the exercise of due care and caution was invited to ride with the driver, and that the driver negligently and carelessly drove the truck at a high and dangerous rate of speed as charged in the declaration and appellee was injured as a result thereof, then the jury should find for appellee. For the reasons above assigned this instruction was erroneous. Other instructions given in behalf of appellee are subject to criticism, but since in our opinion there can be no recovery in this case, it is needless to discuss them. The judgment in this case will be reversed.

*Reversed with finding of facts.*

128    APPELLATE COURTS OF ILLINOIS.

First Trust and Sav. Bank of Alton v. Aldinger, 226 Ill. App. 128.

Finding of facts to be incorporated in the judgment. We find from the proofs that the servant of appellant was not acting within the scope of his authority in taking appellee on the truck to ride with him at the time of the injury, whether with or without invitation on the part of the servant.